UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21680-MORENO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CLEMENCE FILIAS, )<br>)<br>Defendant. ) | **PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT AND<br>MEMORANDUM OF LAW** |

Plaintiff, the United States of America, (the "United States"), by and through its undersigned counsel, Steven M. Davis, Private Counsel to the United States for the SOUTHERN DISTRICT OF FLORIDA, hereby moves this Court, pursuant to Rule 56 (a), Federal Rules of Civil Procedure, for entry of summary judgment in favor of the United States and against the defendant in the full amount set forth in the Complaint. In support of this motion Plaintiff submits this Memorandum of Law, the Declaration of Lynda Faatalale, Loan Analyst for the United States Department of Education and a Statement of Material Facts pursuant to Local Rule 7.5.

## I. INTRODUCTION

This is an action by the United States, on behalf of the U.S. Department of Education, against Defendant, to recover on a defaulted student loan from Glendale Federal Savings and Loan Association (Ft. Lauderdale, FL). The loan obligation was guaranteed by the Department of Education and then reinsured under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The United States seeks money damages in the amount owed on this federally guaranteed student loan.

## II. STATEMENT OF UNDISPUTED FACT

A complete statement of facts is set forth in the declaration of Lynda Faatalale ("Dec.") the Loan Analyst for the Department of Education which is filed herewith. Defendant, Clemence Filias, obtained a student loan in the amount of $3,500.00 under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965 for the cost of her education, Composite Exhibit "A." Pursuant to the promissory note executed by Defendant, Defendant defaulted on her payment obligation on September 17th, 1987. The holder demanded payment according to the terms of the promissory note, and credited $54.65 to the principal owed on the

loan.

A total of $333.40 in credits and/or payments including Treasury Department Offsets, were applied to the accounts since the loans were assigned to the Department of Education.

As of June 21, 2013, the defendant owes a total of $10,811.40 ($3,532.71 in principal and $5,833.69 at 8.000% in interest, and Taxed cost in the amount of $1,445.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $25.00 plus Attorney's Fees of $1,420.00, Composite Exhibit "B").

### III. ARGUMENT

#### A. The United States of America Is Entitled To Judgment as a Matter of Law.

Summary judgment is proper if the record before the Court shows that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing by reference to materials on file that there are no genuine issues of material fact to be decided at trial. When that burden is met, the burden shifts to the non-movant to demonstrate that there is a material issue of fact which would preclude a summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The facts in dispute must be **critical** to the outcome of the case and the dispute must be **"genuine,"** such that the evidence could support a verdict in favor of the non-moving party. Id. at 248 (emphasis added).

In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case. The burden then shifts to the borrower to show that the amount alleged to be due is not owing. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975).[1] In the absence of such proof, summary judgment in favor of the claimant is appropriate. Id.

Due to the relative simplicity of the issues involved, actions to enforce promissory notes are among the most suitable classes of cases for disposition by summary judgment. Colony Creek, Ltd. v. Resolution Trust Corp., et al., 941 F.2d 1323, 1325 (5th Cir. 1991) citing Lloyd v. Lawrence, 472 F.2d 313, 316 (5th Cir. 1973); FDIC v.

---

[1] Cases decided by the Fifth Circuit prior to October 1, 1981 are binding in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

Cardinal Oil Well Servicing Co., 837 F.2d 1369, 1371 (5th Cir. 1988).

The material facts in this case are not in dispute. Clemence Filias executed the Promissory Note which is the subject of this action. The amount due on the note has not been paid. Defendant has not raised any affirmative defenses and plaintiff is entitled to summary judgment.

### B. Defendant Has Failed to Raise a Valid Defense

Defendant applied for a student loan for the cost of her education. Defendant obtained the money and failed to repay it. The declaration of Lynda Faatalale, Loan Analyst with the U.S. Department of Education filed herewith demonstrates that Clemence Filias defaulted on her payment obligation on September 17th, 1987. Defendant obtained student loans in the amount of $3,500.00. Defendant "may not rest upon the mere allegation or denial of his pleading but . . . must set forth specific facts showing that there is an issue for trial." Anderson, 477 U.S. at 248. Here defendant must produce evidence of payment. Plaintiff has demonstrated that defendant received the loans and failed to repay it. The amount demanded is still due and owing. Plaintiff has the right to recover the amount due.

### IV. CONCLUSION

Plaintiff has demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Defendant has not raised any valid affirmative defenses. Therefore, this Court should grant summary judgment in favor of the United States and enter Judgment against the defendant, Clemence Filias, in the amount of $10,811.40 ($3,532.71 in principal and $5,833.69 at 8.000% in interest, and Taxed costs in the amount of $1,445.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $25.00 and Attorney's Fees of $1,420.00, Composite Exhibit "B").

Respectfully submitted,

By: _____
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States
of America

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #1 OF 1

Clemence Filias

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/13/09.

On or about 01/31/85 and 10/21/85, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 and $1,000.00 from Glendale Federal Savings and Loan Association, Ft. Lauderdale, FL. This loan was disbursed for $2,500.00 on 03/01/85 and $1,000.00 on 02/28/86, at 8.00 percent interest per annum. The loan obligation was guaranteed by State of Florida, Department of Education, Office of Student Financial Assistance, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $54.65 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 09/17/87, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,532.71 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/03/00, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $333.40 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $3,532.71 |
| Interest: | $4,746.57 |
| Total debt as of 08/13/09: | $8,279.28 |

Interest accrues on the principal shown here at the rate of $0.77 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 12/30/09

Loan Analyst
Litigation Support
Lynda Faatalale
Loan Analyst

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CLEMENCE FILIAS,<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO.: 13-CV-21680-MORENO |

## DECLARATION OF ATTORNEY'S FEES

STATE OF FLORIDA   )
                               : ss
COUNTY OF MIAMI-DADE  )

    BEFORE ME, the undersigned authority, personally appeared Steven M. Davis who after being duly sworn, deposes and says:

    1. The undersigned is counsel for the Plaintiff herein and has personal knowledge of the facts contained in this Affidavit.

    2. That he has expended time associated with the Motion for Summary Judgment, was the timekeeper for same, and seeks an award of attorney's fees for work done as follows:

| | |
|---|---|
| Review of documents prior to suit | 0.5 hr. |
| Preparation of correspondence to the Defendant | 0.5 hr. |
| Preparation and review of Complaint | 1.0 hr. |
| Review of Notice of Court Practice in Student Loan Cases | 0.2 hr. |
| Attempt to contact and locate Defendant | 0.5 hr. |
| Review and Preparation of Executed Return of Service | 0.2 hr. |
| Preparation of Notice of Answer Deadline | 0.5 hr. |
| Preparation of Motion for Clerk's Entry of Default | 0.5 hr. |
| Review of Defendant's answer to Complaint | 0.2 hr. |


EXHIBIT B

| | |
|---|---|
| Preparation of Motion for Summary Judgment | 1.0 hr. |
| Post Judgment Collection | 2.0 hr. |
| Total amount of time spent: | 7.1 hrs |

3. Plaintiff's counsel is entitled to attorney's fees pursuant to contract.

4. The undersigned has fully reviewed the time records and supporting data and this Motion is well grounded in fact and justified.

5. The undersigned's usual and customary fee is $200.00 per hour.

6. Based on the hours expended, and the undersigned's usual and customary fee, a reasonable award of attorney's fees is requested in the amount of $ 1,420.00

7. The Plaintiff does not request a hearing on this matter at this time.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Affiant's Signature

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:



CARLOS A. GARCIA
MY COMMISSION # EE 204240
EXPIRES: July 7, 2016
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:13-CV-21680-MORENO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF UNITED STATES** |
| vs. ) | **STATEMENT OF MATERIAL FACTS** |
| ) | **PURSUANT TO LOCAL RULE 7.5** |
| CLEMENCE FILIAS, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, United States of America, by and through the undersigned Private Counsel for the SOUTHERN DISTRICT OF FLORIDA, submits, pursuant to Rule 7.5 of the Local Rules of the SOUTHERN DISTRICT OF FLORIDA, this statement of material facts as to which Plaintiff contends there is no issue to be tried.

1. Defendant, Clemence Filias, obtained a student loan in the amount of $3,500.00 from Glendale Federal Savings and Loan Association (Ft. Lauderdale, FL) for the cost of her education. The holder demanded payment according to the terms of the promissory note, and credited $54.65 to the principal owed on the loan.

2. The Note bore interest at the rate of 8.000% for Account No. 2010A22624 beginning on September 17th 1987 when Defendant defaulted on his payment obligation.

3. Defendant's loan was made under loan guarantee programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682).

4. A total of $333.40 in credits and/or payments including Treasury Department Offsets, were applied to the defendant's account since the loans were assigned to the Department of Education.

5. The government claims a balance on the Note of a total of $9,366.40 ($3,532.71 in principal and $5,833.69 in interest at the rate of 8.000% for Account No. 2010A22624). In accordance with the supporting documentation attached as Exhibits "A" and "B" to Plaintiff's Motion for Summary Judgment, together with taxed costs in the amount of $1,445.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $25.00, plus Attorney's Fees of $1,420.00, for a grand total owed of **$10,811.40.**

Respectfully submitted,

By: _____
Steven M. Davis, (Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
Becker & Poliakoff, P.A.
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305)262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Regular US Mail on 21 day of June, 2013 to Clemence Filias at 211 NE 43rd Street, Miami, Florida 33137.

_____
Steven M. Davis, Esq.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-21680-MORENO

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
v. )
)
CLEMENCE FILIAS, )
) **FINAL SUMMARY JUDGMENT**
        Defendant. )
_____ )

      This matter having come before the Court upon Plaintiff, United States of America's Motion for Entry of Final Summary Judgment against Defendant, Clemence Filias and the Court having reviewed the pleadings submitted on behalf of the Plaintiff and for good cause shown, it is hereby

      ORDERED AND ADJUDGED that judgment is hereby entered in favor of Plaintiff, the United States of America, and against defendant, Clemence Filias, upon the Complaint herein, and it is further

      ORDERED AND ADJUDGED that Plaintiff recover of the defendant, Clemence Filias, the sum of $10,811.40 ($3,532.71 in principal and $5,833.69 in interest at the rate of 8.000% for Account No. 2010A22624). In accordance with the supporting documentation attached as Exhibits "A" and "B" to Plaintiff's Motion for Summary Judgment, together with taxed costs in the amount of $1,445.00 consisting of a Fee for Service and Travel, per 28 U.S.C § 1921 of $25.00 plus Attorney's Fees of $1,420.00, for all of which sums let execution issue. It is further

      ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. §1961, and shall be enforceable as prescribed by 28 U.S.C. §2001, et seq., 28 U.S.C. §3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: United States

Attorney's Office, Southern District of Florida, 99 N.E. 4th Street, Miami, FL 33132. Defendant's address is: Clemence Filias, 211 NE 43rd Street, Miami, Florida, 33137.

DONE AND ORDERED in Chambers, in _____, FL, this ____ day of _____, 2013.

**FEDERICO A. MORENO**
**UNITED STATES DISTRICT JUDGE**

cc: Steven M. Davis, Esq.(Two Certified Copies)
    Clemence Filias, Pro Se